# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

RICARDO BOOZER,

      Plaintiff,

  vs.

ENHANCED RECOVERY
COMPANY, LLC,

      Defendant.

CASE NO. 2:17-CV-14190

Hon. Paul D. Borman
United States District Judge

Hon. Elizabeth A. Stafford
United States Magistrate Judge

---

Nathan C. Volheim
Taxiarchis Hatzidimitriadis
Ahmad T. Sulaiman
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
630-575-8181 Tel.
630-577-8188 Fax
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com
*Attorneys for Plaintiff Ricardo Boozer*

Stephen H. Turner
Larissa G. Nefulda
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
213-250-1800 Tel.
213-250-7900 Fax
Stephen.Turner@lewisbrisbois.com
Larissa.Nefulda@lewisbrisbois.com

Jeffrey A. Goldwater (P47527)
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312-345-1718 Tel.
312-345-1778 Fax
jgoldwater@lbbslaw.com
*Attorneys for Defendant*
*Enhanced Recovery Company, LLC*

## <u>DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S RULE 56 MOTION FOR SUMMARY JUDGMENT</u>

Comes now, Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its counsel, and for its Motion for Summary Judgment of Plaintiff Richard Boozer's ("Plaintiff") Complaint, states as follows:

1. This matter involves a civil complaint filed by Plaintiff, which is based upon his erroneous belief that ERC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and Michigan Occupation Code ("MOC") § 339.901, *et seq*. during its attempts to collect a debt from a third party debtor.

2. ERC is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(a) because there is no genuine issue of material fact with respect to Plaintiff's claims. The evidence and legal authority in support of this Motion are more fully explained in the attached Memorandum of Law in Support.

3. On April 23, 2019, ERC's counsel attempted to obtain concurrence from Plaintiff's counsel with respect to the relief requested herein, but it was not given, and therefore it was necessary to file this Motion.

WHEREFORE, ERC respectfully requests the Court to grant its Motion for Summary Judgment, enter an Order dismissing Plaintiff's Complaint with prejudice, and award other relief as the Court deems appropriate.

Dated:  May 17, 2019                    Respectfully submitted,

    */s/ Larissa G. Nefulda*
Stephen H. Turner
Larissa G. Nefulda
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
213-250-1800 Tel.
213-250-7900 Fax
Stephen.Turner@lewisbrisbois.com
Larissa.Nefulda@lewisbrisbois.com

Jeffrey A. Goldwater (P47527)
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312-345-1718 Tel.
312-345-1778 Fax
jgoldwater@lbbslaw.com
Attorneys for Defendant
Enhanced Recovery Company, LLC

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

RICARDO BOOZER,

      Plaintiff,

  vs.

ENHANCED RECOVERY
COMPANY, LLC,

      Defendant.

CASE NO. 2:17-CV-14190

Hon. Paul D. Borman
United States District Judge

Hon. Elizabeth A. Stafford
United States Magistrate Judge

---

Nathan C. Volheim
Taxiarchis Hatzidimitriadis
Ahmad T. Sulaiman
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
630-575-8181 Tel.
630-577-8188 Fax
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com
*Attorneys for Plaintiff Ricardo Boozer*

Stephen H. Turner
Larissa G. Nefulda
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
213-250-1800 Tel.
213-250-7900 Fax
Stephen.Turner@lewisbrisbois.com
Larissa.Nefulda@lewisbrisbois.com

Jeffrey A. Goldwater (P47527)
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312-345-1718 Tel.
312-345-1778 Fax
jgoldwater@lbbslaw.com
*Attorneys for Defendant*
*Enhanced Recovery Company, LLC*

## <u>DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Comes now, Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its counsel, and for its Memorandum of Law in Support of Its Motion for Summary Judgment of Plaintiff Richard Boozer's ("Plaintiff") Complaint, states as follows:

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. Whether Plaintiff's claims of alleged violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. § 1692, et seq. (Count I) are
   without merit both factually and as a matter of law?

   ERC's Answer: Yes

2. Whether Plaintiff's claims of alleged violations of the Michigan
   Occupation Code § 339.901, et seq. (Count II) are without merit
   both factually and as a matter of law?

   ERC's Answer: Yes

## <u>CONTROLLING/MOST APPROPRIATE AUTHORITIES</u>

*Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857 (E.D. Mich. 2015)

*Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003)

*Kaniewski v. Nat'l Action Fin. Servs*., 678 F. Supp. 2d 541 (E.D. Mich. 2009)

*Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324 (6th Cir. 2006)

*Pugliese v. Prof'l Recovery Serv.,* 2010 U.S. Dist. LEXIS 64111 (E.D. Mich. June 29, 2010).

*Saltman v. I.C. System, Inc.* 2009 U.S. Dist. LEXIS 90681 (E.D. Mich. 2009)

*Lashbrook v. Portfolio Recovery Assoc., LLC*, 2013 U.S. Dist. LEXIS 123113 (E.D.  Mich. Aug. 29, 2013)

*Barany-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008)

## I.   <u>INTRODUCTION</u>

Plaintiff alleges ERC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and Michigan Occupation Code ("MOC") § 339.901, et seq. Plaintiff's claims fail as a matter of law.  ERC was retained to collect a debt from a third party debtor[1].  Unfortunately, the telephone number ERC used to the contact the third party debtor was a wrong number.  The number belongs to Plaintiff and not the third party debtor.  The undisputed evidence establishes that at the time of the alleged improper calls: ERC was trying to collect a debt from a third party debtor and not Plaintiff; ERC's records demonstrate ERC's legitimate efforts to reach the third party debtor; and ERC immediately ceased its calls to the telephone number at issue when it was informed that it was calling the wrong number.

ERC is entitled to summary judgment as to claims under §§ 1692b, 1692 b(3), 1692c(a)(1) and 1692c(b) because Plaintiff lacks standing to assert the claims.  Plaintiff's §§ 1692d and d(5) claims lack merit because there is no evidence that ERC engaged in any harassing, oppressive or abusive conduct. Plaintiff's §§ 1692e, 1692e(10) and 1692f claims also fail as a matter of law because Plaintiff knew that ERC was attempting to reach a third party debtor and

---

[1] ERC does not refer to the third party debtor by name in this document in order to protect the third party's identity and privacy.

not him.  Additionally, Plaintiff's MOC claims fail because the MOC claims mirror Plaintiff's claims under the FDCPA and fail for the same reasons Plaintiff's FDCPA claims fail.

Accordingly, ERC is entitled to summary judgment as a matter of law.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

On November 25, 2013, ERC was retained by its client to collect a T-Mobile debt owed by a third party debtor.  (Declaration of Richard "Rocky" Landoll ("Landoll Decl."), ¶ 5.)  ERC routinely conducts scrubs to find contact information that is associated with the person ERC is attempting to reach.  (Landoll Decl., ¶ 7.) At the time the account was placed with ERC, ERC conducted a scrub of the third party debtor's telephone number through a vendor that is generally used by other businesses in the same industry as ERC for scrubbing telephone numbers. (Landoll Decl., ¶ 8.)  The scrub results revealed that there was a high probability that the telephone number at issue, telephone number ending in 4908, was associated with the intended third party debtor.  (Landoll Decl., ¶ 9.)

ERC called 4908 beginning September 23, 2017 through November 28, 2017.  (Landoll Decl., ¶¶ 4, 10; Exh. 1 to Landoll Decl.)  ERC called 4908 a total of eleven (11) times.  (Landoll Decl., ¶¶ 4, 10; Exh. 1 to Landoll Decl.)  ERC spoke to Plaintiff on two occasions.  (Landoll Decl., ¶¶ 4, 11; Exh. 1 to Landoll Decl.)  The first conversation  took place on November 28, 2017, at 1:47 p.m.,

when ERC made an outgoing call to 4908 in an attempt to reach the intended third party debtor.  (Landoll Decl., ¶¶ 4, 12 and 13; Exh. 1 to Landoll Decl.)  The second conversation took placed on the same day at 5:50 p.m., when ERC received an **incoming call** from 4908.   (Landoll Decl., ¶¶ 4, 18, 19 and 20; Exh. 1 to Landoll Decl.)

### a. Outgoing Call: November 28, 2017, at 1:47 p.m.

ERC produced a recording of a 22 second call that took place on November 28, 2017, at 1:47 p.m.[2]  The following conversation took place during the November 28, 2017, at 1:47 p.m. call:

> **ERC Agent:** Good afternoon.  My name is Nicky Freeman.  Speaking on a recorded line. Am I speaking to [third party debtor]?
>
> **Plaintiff:** No, you have the wrong number.
>
> **ERC Agent:** Okay, sorry to bother you.  I will remove the wrong number, ok?
>
> **Plaintiff:** Ok, bye.
>
> **ERC Agent:** Okay, bye

(Landoll Decl., ¶¶ 4, 12 and 13; Exh. 1 to Landoll Decl.)  Thereafter, ERC promptly updated its file and removed 4908 from its system.  (Landoll Decl., ¶¶ 4, 12, 13, 14, 15, and 16; Exh. 1 to Landoll Decl.)

---

[2] ERC audio records every connected call.  With respect to 4908, there are only two audio recordings because there were only two connected calls.

### b.      Incoming Call: November 28, 2017, at 5:50 p.m.

On November 28, 2017, at 5:50 p.m. (a little over 4 hours after ERC spoke

with Plaintiff (presumably) earlier in the day at 1:47 p.m.), ERC received an

incoming call from Plaintiff (presumably).  (Landoll Decl., ¶¶ 4, 18, 19 and 20;

Exh. 1 to Landoll Decl.)  The following conversation took place during the

November 28, 2017, at 5:50 p.m. call:

> **ERC's Agent:** Good afternoon.  Thank you for calling ERC. My name is Jasper Smith on a recorded line.  How can I help you today?
>
> **Plaintiff:** Ya, I got a call from you guys earlier
>
> **ERC's Agent:**  Okay.  Do you receive the call at the same number as you are calling?
>
> **Plaintiff:** Area code [provides telephone number ending 4908]
>
> **ERC's Agent:** Um, okay.  Well, uh, this number sir, the number that you're calling, um, I don't have any information on this number.  Do you have any other number where we called you?
>
> **Plaintiff:** Uh, nope.  I got several calls from this number.
>
> **ERC's Agent:** Okay, but the number you are calling right now I don't have any information or I don't have any details with this number.
>
> **Plaintiff:**  So…
>
> **ERC's Agent:**  Perhaps do you have another number?
>
> **Plaintiff:** No [provides telephone number ending 4908]
>
> **ERC's Agent:** Okay, ya, um, I'm sorry sir.  We don't have any details with this number.

> **Plaintiff:** Okay
>
> **ERC's Agent:**  Okay, ya.  [inaudible] I don't have any information [inaudible] okay
>
> **Plaintiff:**  Okay, sir, thanks.
>
> **ERC's Agent:**  Thank you for calling sir.  Ba-bye

(Landoll Decl., ¶¶ 4, 18, 19 and 20; Exh. 1 to Landoll Decl.)  It was later determined that the reason why telephone number ending in 4908 did not come up in ERC's system at the time of the 5:50 p.m. incoming call from Plaintiff was because ERC *had already updated its file and removed 4908 from its system.* (Landoll Decl., ¶¶ 4, 15, 16 and 21; Exh. 1 to Landoll Decl.)  It did so because Plaintiff advised during the earlier call on the same day at 1:47 p.m. that ERC was calling the wrong number.  (Landoll Decl., ¶¶ 4, 15, 16 and 21; Exh. 1 to Landoll Decl.)  ERC did not place any outgoing calls to 4908 after November 28, 2017, at 1:47 p.m.  (Landoll Decl., ¶¶ 4 and 22; Exh. 1 to Landoll Decl.)

ERC's records reflect that it placed a total of 11 calls to telephone number ending in 4908 from September 23, 2017 through November 28, 2017.  (Landoll Decl., ¶¶ 4 and 10; Exh. 1 to Landoll Decl.)  ERC placed no more than one call in a single day.  (Landoll Decl., ¶¶ 4 and 26; Exh. 1 to Landoll Decl.)  ERC never placed back-to-back calls (*e.g.,* one call immediately after another) to telephone number ending in 4908 at any time.  ERC never called Plaintiff before 8 a.m. EST or after 9 p.m. EST.   (Landoll Decl., ¶¶ 4 and 27; Exh. 1 to Landoll Decl.)

### c.     ERC's Policies And Procedures Regarding Wrong Numbers

As part of its policies and procedures, ERC routinely conducts telephone number scrubs to find telephone numbers that are associated with the person ERC is attempting to reach.  (Landoll Decl., ¶¶ 30 and 31; Exh. 2 to Landoll Decl.)  If ERC learns or is informed that the telephone number it has for a debtor is a wrong number, ERC's agent will promptly remove the phone number from the account to prevent any further calls to that number for that specific account.  (Landoll Decl., ¶¶ 30 and 31; Exh. 2 to Landoll Decl.)  These procedures were in place at the time of ERC's calls to Plaintiff.  (Landoll Decl., ¶¶ 30 and 31; Exh. 2 to Landoll Decl.)

### d.     Plaintiff's Deposition

Plaintiff testified to the following during his deposition:

> Q:     Now, getting back to instances in which you received a call from ERC – okay? – at what point did you become aware of the subject of those calls, that it was [name of third party debtor]?
>
> A:     **From the very beginning.**
>
> Q: Okay.
>
> A:     **From the first call they ever called.**  Can't give you a time of day because it seemed like we were going in circles, but they called, said they were [name of third party debtor] – they're looking for [name of third party debtor].  I'm not [name of third party debtor].  Please remove me form your calls.
>
> Q:     So you were aware of that from, you say, early 2017, that that was the nature of the calls?
>
> A:     Yes.

> Q:     What you just testified, was that the extent of the conversation that you had?
>
> A:     Yes.  (Declaration of Larissa G. Nefulda ("Nefulda Decl."), ¶ 1; Exh. 1 to Nefulda Decl.; Transcript from Plaintiff's deposition, 31:12-32:3)

Moreover, Plaintiff claims ERC left him voice messages wherein ERC specifically identified the third party debtor by name.  (Nefulda Decl., ¶ 1; Exh. 1 to Nefulda Decl.; Transcript from Plaintiff's deposition, 41:19-22.)

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party.  *See Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006).  The non-moving party, however, may not rely on mere allegations or denials, but instead must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed."  Fed. R. Civ. P. 56(c)(1). To overcome a well-supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

As demonstrated below, the undisputed material facts in this case mandate summary judgment in favor of ERC.

**B.     ERC Is Entitled To Summary Judgment On Plaintiff's FDCPA And MOC Claims**

    **1.     The Undisputed Evidence Establishes That ERC Is Entitled To Summary Judgment As To Plaintiff's FDCPA Claims**

        **a.     Plaintiff Lacks Standing To Bring Claims Under §§ 1692b, 1692 b(3), 1692c(a)(1) and 1692c(b)**

Plaintiff alleges ERC violated §§ 1692b, b(3), and c(b) by contacting him to collect a debt owed by a third party.  Plaintiff alleges although he advised ERC that he was not the individual ERC intended to reach, and despite his demands that ERC stop calling him, ERC continued to call him.  (Dkt. 1, ¶¶ 28 and 30.)

Section 1692b and b(3) provide

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
>
> . . .
>
> (3)  not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information

Section 1692b does not create an independent private right of action under the FDCPA.  *Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857, 867

(E.D. Mich. 2015).  However, a consumer still may maintain an action against a debt collector for a failure to adhere to the requirements of §1692b, but the consumer must do so under 15 U.S.C.S. § 1692c(b).  *Id.*    Noncompliance with § 1692b is a violation of § 1692c(b), and not an independent violation of the Act.  *Id.*

Section 1692c(b) provides:

> (b)  Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Plaintiff also alleges ERC violated § 1692c(a)(1) which provides that a debt collector may not communicate with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

The Sixth Circuit has expressly held that § 1692c, applying to 'consumers,' is more limited than other portions of the FDCPA which apply to 'any person.' *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003); *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009).  Only consumers have standing to sue for violations under 15 U.S.C. § 1692c.  *Id.*  The

FDCPA defines 'consumer' as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C.§ 1692a(3).

In *Montgomery,* the Sixth Circuit held that one who does not owe the alleged debt does not have standing to assert a claim under § 1692c.  *Id*. at 697. ("[T]he Defendants are correct that [the plaintiff] lacks standing under § 1692c, as he is not a consumer for purposes of the FDCPA."); *Kaniewski v. Nat'l Action Fin. Servs.,* 678 F.Supp.2d at 545 (court concluded that plaintiff lacked standing to bring a claim under § 1692c because he alleged that the defendant made several automated calls to him attempting to collect a debt that belongs to a different debtor); *Smith v. Accounts Research, Inc*., 2012 U.S. Dist. LEXIS 11317, at *31-32 (E.D. Tenn. Jan. 31, 2012) (granting summary judgment where evidence demonstrated that the plaintiffs were not obligated to pay the underlying debt, therefore they were not consumers under the FDCPA); *Christy v. EOS CCA,* 905 F.Supp.2d 648, 652 (E.D. Penn. 2012) (summary judgment granted in favor of defendant where plaintiff did not have standing to bring a claim under § 1692c(b) because he was not the consumer as defined by the FDCPA); *Stinson v. Receivables Mgmt. Bureau, Inc.*, 2013 U.S. Dist. LEXIS 41891 (N.D. Ala. March 26, 2013.)

Here, Plaintiff lacks standing to sue under § 1692c(a)(1) and 1692c(b) because he is not the debtor and does not fall under the broader definition of "consumer" as set forth in §§ 1692a(3) and 1692c(d).  Further, Plaintiff knew that

each call that ERC placed to his cellular phone number (telephone number ending

in 4908) was for the purpose of ERC seeking to collect a upon a debt owed by a

third party debtor.  (Nefulda Decl., ¶ 1; Exh. 1 to Nefulda Decl.) Transcript from

Plaintiff's deposition, 31:12-32:3)Thus, Plaintiff knew that he was not "obligated

or allegedly obligated to pay any debt."  Accordingly, ERC is entitled to summary

judgment as to Plaintiff's §§ 1692b, 1692b(3), 1692c(a)(1) and 1692c(b) claim.

> **b.     Plaintiff's §§ 1692d and d(5) Claims Lack Merit Because There Is No Evidence That ERC Engaged In Any Harassing, Oppressive Or Abusive Conduct**

Plaintiff alleges ERC violated §1692 d, and d(5) when it continuously called

Plaintiff after being notified to stop.  (Dkt. 1, ¶ 30)  Section 1692d prohibits a debt

collector from engaging "in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt."

Section 1692d(5) prohibits a debt collector from "causing a telephone to ring or

engaging any person in telephone conversation repeatedly or continuously with

intent to annoy, abuse, or harass any person at the called number."

The Sixth Circuit has advised that "although the question of 'whether

conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury. .

. .Congress has indicated its desire for the courts to structure the confines of §

1692d.'"  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).

> "To determine whether Defendants' calls amount to
> harassment, annoyance or abuse, the volume of calls must be

> examined along with the pattern in which they were made and
> whether or not they were accompanied by oppressive conduct."
> (See *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d
> 492, 505 (D. Md. 2004); *Udell v. Kansas Counselors, Inc.*, 313
> F. Supp.2d 1135, 1143-44 (D. Kan. 2004). Plaintiffs carry the
> burden of showing that Defendants' calls were in violation of
> 15 U.S.C. § 1692d(5). *Kerwin v. Remittance Assistance Corp.*,
> 559 F. Supp.2d 1117, 1124 (D. Nev.2008).

*Pugliese v. Prof'l Recovery Serv.,* 2010 U.S. Dist. LEXIS 64111, *23-24 (E.D.

Mich. June 29, 2010).

As the court in *Saltman v. I.C. System, Inc.* 2009 U.S. Dist. LEXIS 90681,

*19-20 (E.D. Mich. 2009) explained:

> [T]he courts have found, for example, that an immediate
> callback after the debtor has hung up or has indicated his or her
> unwillingness to speak to the debt collection agency may
> constitute improper harassment. See Lovelace v. Stephens &
> Michaels Associates, Inc., No. 07-10956, 2007 WL 3333019, at
> *7 (E.D.Mich. Nov.9, 2007). In contrast, a debt collector does
> not necessarily engage in harassment by placing one or two
> unanswered calls a day in an unsuccessful effort to reach the
> debtor, if this effort is unaccompanied by any oppressive
> conduct such as threatening messages. See Udell v. Kansas
> Counselors, Inc., 313 F.Supp.2d 1135, 1143-44 (D. Kan. 2004).
> Plaintiff carries the burden of establishing that Defendant's
> calls in this case ran afoul of § 1692d(5). See Kerwin v.
> Remittance Assistance Corp., 559 F.Supp.2d 1117, 1124
> (D.Nev. 2008).

ERC's records establish that ERC called telephone number ending in 4908 a

total of eleven (11) times beginning September 23, 2017 through November 28,

2017. (Landoll Decl., ¶¶ 4 and 10; Exh. 1 to Landoll Decl.) ERC spoke with

Plaintiff on two (2) occasions only: outgoing call on November 28, 2017, at 1:47

p.m. and incoming call on the same date, at 5:50 p.m.  (Landoll Decl., ¶¶ 4, 11;

Exh. 1 to Landoll Decl.)  During the very first time ERC spoke to Plaintiff, ERC's

collector asked to speak with the third party debtor.  In response, a male

(presumably Plaintiff) answered and said ERC had the wrong number.  ERC

responded "sorry to bother you.  I'll remove the wrong number, ok?"  The male

(presumably Plaintiff) said "ok."  (Landoll Decl., ¶¶ 4, 12 and 13; Exh. 1 to

Landoll Decl.)  Thereafter, ERC promptly updated its file and removed 4908 from

its system.  (Landoll Decl., ¶¶ 4, 12, 13, 14, 15, and 16; Exh. 1 to Landoll Decl.)

Indeed, the last call ERC made to telephone number ending in 4908 was the call on

November 28, 2017, at 1:47 p.m.  (Landoll Decl., ¶¶ 4 and 10; Exh. 1 to Landoll

Decl.)  ERC made no more than one call in a single day.  (Landoll Decl., ¶¶ 4 and

26; Exh. 1 to Landoll Decl.)

This is not a case where there were 180 calls made in one month (*Krapf v.

Nationwide Credit Inc*., 2010 U.S. Dist. LEXIS 57899 (C.D. CA May 21, 2010),

31 calls over a 12 day period (*Bassett v. I.C. Sys., Inc*., 715 F. Supp. 2d 803 (N.D.

Ill 2010), or even 6 calls in 24 minutes (*Kuhn v. Account Control Tech., Inc.* 865 F.

Supp. 1443, 1452-53 (D. Nev. 1994).

Many courts have granted summary judgment in favor of defendant for §§

1692d or d(5) claims.  *Lashbrook v. Portfolio Recovery Assoc., LLC*, 2013 U.S.

Dist. LEXIS 123113 (E.D.  Mich. Aug. 29, 2013 (finding 120 calls over a one-year

period was not sufficient to raise a triable issue of harassment); *Saltzman,* 2009 U.S. Dist. LEXIS 90681 (court concluded "has not pointed to any evidence in the record regarding the amount, frequency, pattern, or content of Defendant's calls that would suggest anything other than a legitimate, albeit persistent, effort to reach" him."); *Pugliese v. Prof'l Recovery Serv., Inc.,* 2010 U.S. Dist. LEXIS 64111 (E.D. Mich. June 29, 2010) (350 calls in an eight month period after the plaintiffs asked debt collector to cease calling found insufficient as a matter of law to establish a § 1692d violation).

ERC's calls are indicative of ERC's legitimate attempt to reach the third party debtor and not an intent to annoy, harass, or abuse.  The very first time ERC became aware that it was calling the wrong number was during the November 28, 2017, at 1:47 p.m.  Thereafter, ERC immediately updated its file and removed 4908 from its system. Accordingly ERC did not violate §§ 1692d or d(5) as a matter of law.

> c. **Plaintiff's § 1692e, 1692e(10) and 1692f Claims Lack Merit Because Plaintiff Knew That ERC Was Attempting To Reach A Third Party Debtor**

Plaintiff alleges ERC violated §1692e and e(10) when ERC used deceptive means to collect and/or attempt to collect the alleged debt.  Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  "The use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of § 1692e(10). Plaintiff also alleges ERC violated §1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

"The Sixth Circuit has adopted the "least sophisticated consumer" standard, which is an objective test, when assessing whether a defendant made a misrepresentation in violation of the FDCPA." *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). The objective "least sophisticated consumer" standard "ensures 'that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Id*. (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotation marks and citations omitted)). "[T]he standard 'also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Id*. (quoting *Kistner*, 518 F.3d at 438-39). "The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Smith v. Computer Credit, Inc*., 167 F.3d 1052, 1054 (6th Cir. 1999) (quoting *Swanson v. Southern Oregon Credit Service, Inc*., 869 F.2d 1222, 1227 (9th Cir. 1988)).

In *Kaniewski v. Nat'l Action Fin. Servs*., 678 F. Supp. 2d 541, 546 (E.D.

Mich. 2009), a case with facts very similar to the present case, this court granted

summary judgment in favor of the defendant as to the plaintiff's §§ 1692e and

1692f claims.  In *Kaniewski v. Nat'l Action Fin. Servs*., the plaintiff alleged that

from December 2008 through April 2009. The defendant made several automated

calls to the plaintiff and his co-workers in an attempt to collect a debt owed by a

third party debtor.  *Id.* at 543.  The plaintiff contacted the defendant multiple times

to advise that he did not owe the debt and to request that he be removed from the

defendant's computer system.  *Id.*  The plaintiff alleged that the "misdirected

automated calls caused him to suffer "statutory, actual, emotional and financial

damages."  *Id.*  The plaintiff's claims included alleged violations of the FDCPA

and the Michigan Occupational Code, Mich. Comp. Law § 339.91.  *Id.*

In granting summary judgment in favor of the defendant, the court in

*Kaniewski*  reasoned that "a plaintiff who knew that the defendants were not

attempting to collect on a debt owed by him could not sustain an FDCPA claim

under § 1692e as a matter of law."  *Kaniewski v. Nat'l Action Fin. Servs*., 678 F.

Supp. 2d at 546 (citing *Kujawa v. Palisades Collection, LLP*, 614 F. Supp. 2d 788

(E.D. Mich. 2008).  With respect to the plaintiff's § 1692f claim, the court in

*Kaniewski* noted that the plaintiff failed to state a claim under § 1692f of the

FDCPA where the plaintiff understood that the communications were not directed

at him and "[e]ven the least sophisticated consumer would have understood" that the defendant "was not attempting to collect a debt from [the plaintiff]." *Id.* (citing *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 826 (S.D. Ohio 2008)).

> The court agrees with the reasoning of *Hill* and *Kujawa*. There is no dispute that Plaintiff knew that Defendant was not attempting to collect a debt from him. Accordingly, Plaintiff cannot meet the "least sophisticated consumer" test as a matter of law. As Judge Cohn stated, the court "is mindful of [P]laintiff's situation. . . . However, the aggravation [P]laintiff likely suffered . . . simply does not make out a violation of the FDCPA." *Kujawa*, 614 F. Supp. 2d at 792. The court will therefore grant Defendant's motion with respect to Plaintiff's claims under § 1692e and § 1692f. *Id.*

Here, Plaintiff alleges ERC violated §1692e and e(10) when ERC contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. (Dkt. 1, ¶ 34.) Moreover, Plaintiff alleges ERC violated §1692f when it attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual whom Plaintiff was not aware of. (Dkt. 1, ¶ 36.)

Plaintiff knew from the beginning that each call that ERC placed to his cellular phone number (telephone number ending in 4908) was for the purpose of ERC seeking to collect a upon a debt owed by a third party debtor. (Nefulda Decl., ¶ 1; Exh. 1 to Nefulda Decl.; Transcript from Plaintiff's deposition, 31:12-32:3) Moreover, Plaintiff claims ERC left him voice messages wherein ERC specifically

identified the third party debtor by name.  (Nefulda Decl., ¶ 1; Exh. 1 to Nefulda

Decl.; Transcript from Plaintiff's deposition, 41:19-22.)  Even assuming that ERC

left voice messages, Plaintiff knew that the voice messages were intended for

someone other than him.  Thus, there is no dispute that Plaintiff knew that the calls

Plaintiff received from ERC were attempts by ERC to reach a third party in an

attempt to collect a debt from the third party.  Accordingly, ERC cannot meet the

"least sophisticated consumer" test as a matter of law, and ERC is entitled to

summary judgment as to Plaintiff's §§ 1692e, 1692e(10) and 1692f claims.

> **2.      The Undisputed Evidence Establishes That ERC Is Entitled
>          To Summary Judgment As To Plaintiff's MOC Claims**

> **a.      Plaintiff's M.C.L. § 339.915(f)(ii) and § 339.915(n)
>          Claims Mirror His FDCPA Claims, Which Lack Merit**

Plaintiff asserts three independent claims under the MOC.  Two of these

claims, those arising under § 339.915 (f) and (n), parallel Plaintiff's claims under

analogous provisions of the FDCPA.  *See Saltzman v. I.C. Sys., Inc.*, 2009 U.S.

Dist. LEXIS 90681, at *26-27 (E.D. Mich. Sept. 30, 2009.)  Because Plaintiff's

MOC claims mirror his FDCPA claims, the MOC claims fail for the same reasons

that his claims under parallel provisions of the FDCPA fail.  Thus, ERC is entitled

to summary judgment on the MOC claims for the same reasons it has set forth in

this motion.

M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."[3]  Section 339.915(f) demonstrates that only a **debtor** may assert claims for violations of this subsection.  This prohibition on standing for non-debtors under certain provisions of the MOC is similar to the prohibition on standing for non-consumers under certain provisions of the FDCPA.  See *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003); *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009).

Here, for reasons set forth above, Plaintiff is not a consumer under the FDCPA.  Thus, this Court should also find that Plaintiff is not a debtor under the MOC.  (See *DirecTV, Inc. v. Milliman*, 2003 U.S. Dist. LEXIS 20938, at *9 (E.D. Mich. Aug. 26, 2003) (noting that "the two definitions of 'debt' are very similar").  Furthermore, because Plaintiff is not a debtor and because only a debtor may assert

_____

[3] Plaintiff alleges ERC violated M.C.L. § 339.915(f)(ii) "by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent."  Under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ("TCPA"), it is a violation to call a cell phone using an automatic telephone dialing system for non-emergency purposes.  (See 47 U.S.C. § 227(b)(1)(A)(iii).)  Curiously, although Plaintiff alleges ERC called his cell phone via an automated system, Plaintiff does not allege a violation of the TCPA.  Regardless, as set forth in the Declaration of Richard "Rocky" Landoll, all of the calls placed by ERC to telephone number ending in 4908 were made with human intervention and not through the use of an automatic telephone dialing system or prerecorded or automated voice.  (Landoll Decl., ¶ 25)

a claim for violations of § 339.915(f), this Court should hold that Plaintiff lacks

standing to bring his claims under § 339.915(f).

Plaintiff also alleges ERC violated § 339.915(n) which prohibits a collection

agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt,

including causing a telephone to ring or engaging a person in telephone

conversation repeatedly, continuously, or at unusual times or places which are

known to be inconvenient to the debtor."  Plaintiff alleges ERC violated §

339.915(n) when it continued to call Plaintiff's cellular phone at least 11 times

seeking to collect upon a third party, as well as after Plaintiff notified it to stop

calling.  Plaintiff alleges the repeated contacts were made with the hope that

Plaintiff would succumb to the harassing behavior and ultimately make a payment,

even though he had no relationship to the underlying debt.  Plaintiff alleges the

nature and volume of phone calls, especially after requests that such calls cease,

would naturally cause an individual to feel oppressed.  (Dkt. 1, ¶ 45)

Section 339.915(n) parallels § 1692d in the FDCPA, which prohibits

"engage[ing] in any conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt."

Plaintiff's § 339.915(n) claim fails because the facts do not support a claim of

harassment, oppression, or abuse under § 1692d for the reasons set forth above.

### b. Plaintiff's M.C.L. § 339.915(q) Claim Fails Because ERC Had Policies and Procedures In Place Designed To Reach The Intended Debtor

Plaintiff alleges ERC violated § 339.915(q) which subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."  Plaintiff alleges ERC violated § 339.915(q) by failing to adequately have procedures in place designed to prevent a violation by its employee.  Plaintiff alleges ERC repeatedly contacted Plaintiff seeking to collect upon an individual unknown to Plaintiff.  In addition, Plaintiff alleges ERC continued to call him despite his repeated demands that the calls stop.  Plaintiff alleges that ERC's failure to stop calling him demonstrates the lack of any procedures in place by ERC.  (Dkt. 1, ¶ 48.)

As set forth in the Landoll Declaration, as part of its policies and procedures, ERC routinely conducts telephone number scrubs to find telephone numbers that are associated with the person ERC is attempting to reach.  If ERC learns or is informed that the telephone number it has for a debtor is a wrong number, ERC's agent will promptly remove the phone number from the account to prevent any further calls to that number for that specific account.  (Landoll Decl., ¶¶ 30 and 31; Exh. 2 to Landoll Decl.)  These procedures were in place at the time of ERC's calls to Plaintiff.  (Landoll Decl., ¶¶ 30 and 31; Exh. 2 to Landoll Decl.)

Here, the scrub results revealed that there was a high probability that telephone number ending in 4908 was associated with the intended third party debtor.  However, when ERC was informed on November  28, 2017, at 1:47 p.m. that it was calling the wrong number, ERC immediately updated its records by removing telephone number ending in 4908 from the third party debtor's account and ceased calling the number.  (Landoll Decl., ¶¶ 4, 12, 13, 14, 15, and 16; Exh. 1 to Landoll Decl.) Because ERC had procedures in place, calls to telephone number ending in 4908 immediately ceased.  Accordingly, Plaintiff's § 339.915(q) fails and ERC is entitled to summary judgment.

IV.    **CONCLUSION**

WHEREFORE, Defendant, ENHANCED RECOVERY COMPANY, LLC respectfully requests this Court grant its motion for summary judgment, enter judgment in its favor and for such other relief as this Court deems proper.


Dated:  May 17, 2019                          Respectfully submitted,

                              *s/ Larissa G. Nefulda*
                              Stephen H. Turner
                              Larissa G. Nefulda
                              Lewis Brisbois Bisgaard & Smith LLP
                              633 W. 5th Street, Suite 4000
                              Los Angeles, CA 90071
                              213-250-1800 Tel.
                              213-250-7900 Fax
                              Stephen.Turner@lewisbrisbois.com
                              Larissa.Nefulda@lewisbrisbois.com

Jeffrey A. Goldwater (P47527)
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312-345-1718 Tel.
312-345-1778 Fax
jgoldwater@lbbslaw.com
Attorneys for Defendant
Enhanced Recovery Company, LLC